and I will try to reserve two minutes of my time for rebuttal. Get the microphone closer to you and speak up because I'm having difficulty hearing you. Sorry, is this better? Your Honors, I'd first like to address the standard of review as it applies to the Rule 32 violation. The government has argued that this error should be reviewed under a plain error standard, but I've argued that it should be under, I mean, that it is per se reversible under this circuit's precedent in United States v. Park, which is a per curiam opinion. And based on that opinion, since it's per se reversible, Mr. Stehl doesn't necessarily have to prove particular prejudice. And yet if this Court does deem that he does have to prove prejudice, I think he can. A Rule 32 violation is based upon the idea that the judge was infected by his reading of the pre-sentence report prior to the acceptance of his Alford plea. Other than the judge saying he would read the probation report or the, pardon me, the pre-sentence report, is there any evidence that he actually read it? Yes. During the sentencing hearing, he indeed. Speak up, please. During the sentencing hearing, he indicates several times, he alerts the parties to several bits of information that could only have been gleaned from the pre-sentence report. But he said that. He said during the sentencing hearing he said that. Yes. Well, certainly, I think he would have read the PSR before the sentencing. I think the question from Judge Bea was, what evidence is there that he actually read the PSR before he accepted the plea? Well, since there's no indication that he accepted the guilty plea at any point between the change of plea and the sentencing hearing, it's uncertain at what time he actually did choose to accept the guilty plea. So as far as the timing about when he accepted the plea, there's no indication when he did. To the extent that he sentenced Mr. Stell, I think at that point he may have impliedly accepted the guilty plea, and at that point the judge had read the pre-sentence report. Well, let's assume for a second that you do have to show some level of prejudice. I understand your argument, you're reserving on that, but assume you do. Can you explain how Mr. Stell, how he was prejudiced by Judge Hatter, presumably having read the PSR before accepting the plea? Well, Judge Hatter at some point indicates that he was moved by the fact that Mr. Stell's living situation was a lot worse than he believed it could be if he was in the custody of the Bureau of Prisons. This was information that was only available in the pre-sentence report, and as I argued in my second argument, may have affected Judge Hatter's determination of his custodial term. And assuming that he pled guilty or he accepted the plea just before sentencing Mr. Stell, then the same information could have prejudiced him as to whether or not acceptance was appropriate. But does the district court judge have discretion to reject a plea if someone has set out all what's required by Rule 11? Arguably, Rule 11 was not satisfied here, as I've argued in my briefs, but I would even argue that that's not required. An Alford plea, the 1974 amendments to Rule 11 indicate that an Alford plea should be treated like a NOLA plea where a judge in this situation, where a judge actually does have discretion about whether to accept or reject it, regardless of whether Rule 11 has been satisfied. And United States v. O'Brien supports that. I'm still trying to get to what would the prejudice be. Your argument that because he presumably read the PSR before accepting the plea, he accepted the plea and, in fact, the reason why he accepted the plea was because he saw how bad his living situation was and said he should be in a prison rather than a shipping container somewhere. Yes. That's the argument, I guess. Yes, Your Honor. You use the term per se reversible. Yes, Your Honor. Is that the same as structural error in your mind? Yes, Your Honor. It's a structural error in the sense that it is presumptively prejudicial under Olano, or based on the language of Olano, where there are certain errors that are presumptively prejudicial, the same analysis in the dissent of Olano can be applied to when an error is per se reversible under harmlessness error because the question is the same, whether or not it affected a defendant's substantial rights. And if it affected a defendant's substantial rights in the context of harmlessness error analysis, arguably it affects the defendant's substantial rights just the same under plain error analysis. What would have prevented defense counsel from objecting during the change of plea or, for example, during the sentencing when the PSR talks about how there was this plea hearing in the PSR? There was no objection to the PSR filed. There was no objection to the minute order. Was there something that could have prevented defense counsel from making the argument you're making now previously? At the time that the change of plea happened, I think the proceeding was very long, and judge Hatter only inquired of defense counsel if there was no objection to whether or not he could accept the plea today at that moment. It was never inquired of counsel, you know, whether or not it was appropriate to postpone acceptance of the plea until after reading the PSR. So there wasn't exactly a clear moment in this record for defense counsel to object to that point. But what about when the PSR came out? In the PSR, it's one of the PSR paragraph 2, I believe, page 5 of the PSR says that the court found a factual and legal basis for the plea. Couldn't defense counsel have objected at that time and said, well, wait a second, the PSR says this, that's not accurate? At the time of the change of plea, the judge said that he believed that the factual basis was adequate, but it still maintained that he was waiting to formally accept the plea until after reading the PSR. So it wasn't clear exactly that the PSR was wrong on that point. It's not clear here what precisely was happening or why the judge chose to actually postpone formally accepting this plea until after reading the PSR. I guess what I'm asking is that is there anything that would have prevented trial counsel from making the argument you're making now? You've made a very smart argument here in this case. You spotted something. I'm just trying to figure out was there a reason why, was there something preventing earlier counsel from making the same argument you're making now? I don't think there was a point during these proceedings where counsel was given the opportunity to make this specific kind of objection. And the point that it would have happened was when the judge indicated why it was formally accepting the guilty plea. If the judge had actually stated on the record, at least prior to sentencing at some point, I'm formally accepting this guilty plea after having read the PSR for these reasons, then I think that would have been a point where counsel could have actually objected to the error. But since that never happened, which is why I argued it compounded this error, there was no place in these proceedings for defense counsel to object to the court's form or reasons for accepting this guilty plea. And unless there's no further questions, I'd reserve the rest of my time for rebuttal. All right. Thank you. Good morning, Your Honors. May it please the Court, Bram Alden for the United States. Defendant pleaded guilty to defrauding over 300 people over the course of nearly a decade out of over $8 million. Defendant chose to plead guilty and he was allowed to do so over the government's objection using an Alford plea. Defendant, of course, never himself objected at any point during the change of plea hearing. And while counsel now says that he had no opportunity to do so, he had ample opportunity to do so, including when the judge allowed him to use an Alford plea at his own election, including at any point during the government's extension of factual basis during the change of plea hearing. When Judge Hatter said that he would read the PSR before accepting the plea, was there any objection by the defense counsel? Absolutely not. And I think, Your Honor, that's the most important time when if the defendant had an objection to the PSR prior to final acceptance of the plea, that was the occasion to do so. Counsel, having said what he was going to do, that is postpone the acceptance of the plea until after he reviewed the PSR, is there any evidence in the record to suggest that the judge did not do exactly what he said he intended to do? There's no evidence to suggest that the judge did not actually read the PSR prior to final acceptance. Why would we conclude that the judge failed to do what he said he was going to do? I think, for one thing, there's a question as to whether the judge actually did accept the plea at the change of plea hearing. And, of course, the government takes the position that the plea was accepted, in which case the judge could not have reviewed the PSR before accepting the change of plea hearing. However, even if the court were to conclude that the judge did review the PSR prior to final acceptance of the change of plea, there is absolutely no showing of prejudice, and the government believes that this is absolutely not a case in which structural error applies. The court knows that there are three cases the defendant relies on, each of which is over 40 years old now. It's per the proposition that this is a per se reversible error. However, the Supreme Court has, on many occasions in more recent decades, said that per se reversible errors, which defense counsel acknowledges are structural errors, are exceedingly rare, and they go to the fundamental heart of the justice system and ensuring that the defendant is guaranteed a fair trial below. Here, none of those concerns exist. First of all, when these cases decided 40 years ago and more, were authored, Rule 32, which was what prevents the court from reviewing the PSR prior to accepting the plea, actually prevented the defendant from looking at the PSR at all. So, back when there were significant concerns about what might happen if a judge saw the PSR prior to the guilty plea, that was a time when the defendant had no opportunity to even see the PSR or object to anything in it. In addition to that, the defendant in this case had no criminal history whatsoever, as the PSR reveals in paragraph 111, and the courts that decided those three cases that the defendant relies upon for the proposition that this is per se reversible, were particularly concerned with the possibility that a district court judge might rely on a defendant's prior criminal history to find that defendant guilty. There's no such concern here. So, any possible prejudice is eliminated not only by that, but also by the fact that this is what the defendant wanted. He chose to plead guilty. He got what he wanted. Is it your argument that whether there's harm by a trial judge reviewing the PSR before accepting a plea should depend on the content of the PSR? Is that what your argument amounts to? I think that that's definitely part of the argument, that if there is nothing in the PSR to suggest that the judge might, therefore, find the defendant guilty based on something in the PSR, then there is no harm. Here, there's even better evidence that there was no harm because defendant's co-conspirator actually went to trial and did not plead guilty and received a sentence of 240 months. That is a full eight years less than the sentence the defendant received for the exact same conspiracy in addition to other counts for which his co-conspirator wasn't even indicted. So, here there's multiple reasons to know that this did not harm the defendant in any way. So, under any reasonable review standard that is consistent with modern jurisprudence, this defendant has shown no evidence of prejudice under prong three of the plain error standard and no evidence that this affects the judicial integrity or reputation of the court under prong four. In addition, I think there's really no error at all and the government's position is that in rule 11, under rule 11B3, the court is entitled to review the PSR prior to entry of judgment. And what's important here is that, and the court is entitled to find a factual basis under rule 11B3 for a guilty plea prior to entry of judgment. So, what's important here is ordinarily the factual basis for a change of plea is established at the time of a change of plea hearing. But 11B3 and the advisory committee notes to the 1966 amendments to rule 11 make very clear that the judge is actually permitted to use the PSR to find a factual basis for a plea. And the point of that is to protect a defendant's rights. If a defendant enters a guilty plea and then the judge reads a PSR and says, actually, I don't think that there is a factual basis to support this plea, he should then vacate the guilty plea before judgment. Here, what was likely happening was Judge Hatter below was simply when he said that he was going to defer final acceptance, indicating that he intended to review the PSR to ensure that there was, in fact, a factual basis because defendant was entering a unique sort of plea, an Alford plea, where he was effectively maintaining his innocence even as he pled guilty. With respect to the third issue in this case, which is the Tapia error, I think that one point that is particularly important is that the government, while conceding that error, has requested a limited remand and the defense has asked for a plenary resentencing. The cases that the government relies upon are plain error cases. And this is also a plain error case because with respect to the Tapia error, again, there was no objection below. And so therefore, I encourage the court to look at Molina-Martinez, the Supreme Court's case in which it urges that or endorses an approach that would be a limited remand in a plain error case. Whereas Matthews, the case that defense relies upon, was not a plain error case. And even Matthews says that a limited remand is appropriate where there is a full factual record as has been developed here. Putting aside the plain error versus non-plain error, why should we tie the hands of the trial judge if we're going to send it back for resentencing? Why shouldn't we let the trial judge handle that the way the trial judge wants to? I think that when there is a factual issue or something further for the trial judge to resolve below on remand, that it's appropriate for a plenary resentencing. And I acknowledge that this court's jurisprudence teaches that that's the ordinary course. However, I do think the plain error factor comes into play. And in that context, encourages an efficiency of judicial resources, both here and below, and an efficiency of government resources. Because the point of the plain error standard is that if the defense does not make an objection at any point during proceedings below, that the court's review is extremely limited and extremely narrow for the purposes of efficiency. And in addition, the Supreme Court case in Molina-Martinez and this court's case in Plains, both endorse the limited remand in the plain error context. With respect to the- How would you have the remand limited?  to rely on a rehabilitation or corrective treatment need for imposition or lengthening of the sentence. And if he did, in fact, which I think is ambiguous because actually he reduced the defendant's sentence based on his medical needs. So there is some ambiguity as to whether he imposed or lengthened the sentence based on medical needs or corrective treatment, which would violate TAPIA. So the remand would say, did you, you should determine, District Court Judge, did you in fact rely on an impermissible basis for imposing a sentence? And if you did? And if you did, would you have still imposed the same sentence absent that impermissible factor? And that is consistent with what the Supreme Court said in Molina-Martinez. Mechanism short of a full remand to determine whether a district court in sentence absent the error. That's the exact language from Molina-Martinez in which they endorsed this kind of a limited remand approach. The last point that I'll- Oh, I see that my time is up, Your Honors. I apologize. Unless the Court has further questions. Thank you. Ms. Dante, I have a question based on something you said earlier. As to whether the Rule 32 error is reversible per se. At first you said, I think you answered Judge Owen's question, whether it was structural in your view. And you said yes. But then you changed that somewhat to being presumptively erroneous, right? All right. Now I want you to concentrate on your language of presumptively erroneous. If it's presumptively erroneous, what kind of evidence overcomes the presumption and makes it not erroneous? Your Honor, I would- the language I would have chosen to use is presumptively prejudicial. It's the language in United States v. Olano, which is the case for plain error. And essentially in Olano, they state that there are certain errors that can- that are presumptively prejudicial where the defendant does not need to show a particularized prejudice. Again, Mr. Stelwood argued here he has. He had everything to lose and nothing to gain by his Alford plea. This is a case where he is an elderly man who is medically infirm. The reduction in his guidelines that he- he was not offered a plea agreement, which is the usual reason why defendants take advantage of an Alford plea process. He got a sentence which is effectively a death sentence for him. The sentence that he was facing with the amended guidelines for the two levels off he got for acceptance of responsibility was still extremely long, 262 months. In other words, this is the precise kind of situation that Rule 32 was meant to guard against. A judge witnessed his change of plea, accepted the factual basis, and there's no indication in this record that this judge postponed acceptance to read the PSR in relationship to the factual basis. The judge actually stated that it was accepting the factual basis on the record and then said it was still postponing acceptance until he read the PSR. But this is the kind of case. There's no reason, if the judge was not satisfied at the change of plea of my client's colloquy at the time, he should never have accepted it. That was the point. There is no reason to have then gone on to read the PSR and then for other reasons that are not relevant to guilt or innocence choose to formally accept his plea at that time. That's the error. That's the prejudice. And that's why Mr. Stahel was harmed. All right. Thank you very much for your argument. The case of U.S. v. Stahel is submitted.
judges: Bea, Owens, Plager